ROBERT S. JENNINGS v. GEORGE A. BETHEL.

HARSH AND UNCONSCIONABLE CONTRACT BETWEEN EMPLOYER AND EMPLOYE NOT ENFORCED BY COURT OF EQUITY, ETC.

A contract between an employer and employe whereby the employe is bound for a term of two years, but which only binds the employer for one week; which confers a discretion solely upon the employer as to the termination of the contract, and empowers him to discharge the employe without good cause, and for which the employe has no redress; and which prohibits the latter for eighteen months thereafter from engaging in a similar business, whether the employer continues in the business or not, is so harsh and unconscionable that it will not be enforced by a court of equity at the suit of the employer who seeks to enjoin the employe from engaging in the same business after his discharge without cause.

ERROR to Franklin common pleas court.

**F. S. Monnett,** for plaintiff in error:

The contract, in question was void as against public policy, in that it required the employe, to conduct a lottery in connection with the introduction of the system or scheme, and as a part of said employe's contractual duties under said contract. Section 6, Art. 15 Ohio

Franklin County.

Const.; Lan. R. L. 10571, 10572, 10573 (R. S. 6929, 6930, 6931); *Jackson Steel Nail Co.* v. *Marks,* 2 Circ. Dec. 584 (4 R. 343; *Hooker* v. *DePalos,* 28 Ohio St. 251; *State* v. *Lark,* 4 Dec. 241 (3 N. P. 155); *Harper* v. *Crain,* 36 Ohio St. 338 [38 Am. Rep. 589].

Agreement attempting to disregard a statutory provision, is by all authorities, clearly illegal. *Spurgeon* v. *McElwain,* 6 Ohio 442 [27 Am. Dec. 266]; *State* v. *Findley,* 10 Ohio 51; *Bloom* v. *Richards,* 2 Ohio St. 387; *Huber* v. *German Congregation,* 16 Ohio St. 371; *Delaware Co.* (*Comrs.*) v. *Andrews,* 18 Ohio St. 49; *Hooker* v. *DePalos,* 28 Ohio St. 251; Leake, Contracts 723; *Carter* v. *Lillie,* 2 Circ. Dec. 204 (3 R. 364); *Roll* v. *Raguet,* 4 Ohio 400 [22 Am. Dec. 759]; *Raguet* v. *Roll,* 7 Ohio (pt. 1) 76; *Raguet* v. *Roll,* 7 Ohio (pt. 2) 70; *McQuade* v. *Rosecrans,* 36 Ohio St. 442; *Williams* v. *Englebrecht,* 37 Ohio St. 383; *Thomas* v. *Cronise,* 16 Ohio 54; *Veach* v. *Elliott,* 1 Ohio St. 139; *Ward* v. *Ritt,* 6 Dec. Re. 1129 (10 Am. L. Rec. 567); *Hafer* v. *Railway,* 9 Dec. Re. 470 (14 Bull. 68); Broom's Leg. Max. 694; *Goudy* v. *Gebhart,* 1 Ohio St. 262; *State* v. *Buttles,* 3 Ohio St. 309; *Rogers* v. *Tucker,* 7 Ohio St. 417; *Trimble* v. *Doty,* 16 Ohio St. 118; *Robinson* v. *Robinson,* 17 Ohio St. 480; *Allen* v. *Bank,* 23 Ohio St. 97; *Harper* v. *Crain,* 36 Ohio St. 338 [38 Am. Rep. 589]; *Kahn* v. *Walton,* 46 Ohio St. 195 [20 N. E. Rep. 203]; *Hershey* v. *Weiting,* 50 Pa. St. 240; *Wheeler* v. *Sage,* 68 U. S. (1 Wall.) 518 [17 L. Ed. 646]; *White* v. *Crew,* 16 Ga. 416; *Creath* v. *Sims,* 46 U. S. (5 How.) 192, 207 [12 L. Ed. 110]; *Wilson* v. *Bird,* 28 N. J. Eq. 352; *Medford* v. *Levy,* 2 L. R. A. 368n; *Pittman* v. *Pittman,* 11 L. R. A. 458n.

The contract is in restraint of trade. *Lufkin Rule Co.* v. *Fringeli,* 57 Ohio St. 596 [49 N. E. Rep. 1030]; *Kevil* v. *Oil Co.* 11 Dec. 114 (8 N. P. 311); *Field Cordage Co.* v. *Cordage Co.* 3 Circ. Dec. 613 (6 R. 615); *Hoffman* v. *Brooks,* 6 Dec. Re. 1215 (12 Am. L. Rec. 747; 11 Bull. 258); *McBirney & Johnston White Lead Co.* v. *Lead Co.* 8 Dec. Re. 762 (9 Bull. 310); *Lange* v. *Werke,* 2 Ohio St. 519; *Thomas* v. *Miles,* 3 Ohio St. 274; *Central Ohio Salt Co.* v. *Guthrie,* 35 Ohio St. 666.

Lack of mutuality. Waterman, Spec. Perf. Sec. 196; *Rutland Marble Co.* v. *Ripley,* 77 U. S. (10 Wall.) 339 [19 L. Ed. 955]; *Meason* v. *Kaine,* 63 Pa. St. 335; *Hughes* v. *Roth,* 7 Circ. Dec. 441 (18 R. 804); *Paragon Oil Co.* v. *Familton,* 5 Dec. 219 (5 N. P. 23).

**Bachman & Bachman,** for defendant in error.

## DUSTIN, J.

June 9, 1903, George A. Bethel, doing business under the name of the Merchant's Premium Stamp Company, and Robert B. Jennings executed the following:

Jennings v. Bethel.

"Article of Agreement.

"This agreement, made and entered into this ninth day of June, 1903, by and between the Merchant's Premium Stamp Company of Columbus, Ohio, party of the first part, and Robert D. Jennings of Columbus, Ohio, party of the second part,

"Witnesseth:

"That the party of the first part hereby agrees to employ said second party for the period of two years, commencing on June 9, 1903, to work for said The Merchant's Premium Stamp Company, and to perform such duties as may be assigned to him or required of him by said party of the first part, for which services, said first party agrees to pay the sum of $20 per week, to said party of the second part, and also pay all the necessary expenses of said second party, which he shall expend for the benefit and welfare of said party of the first part."

"In consideration of the above premises, the said second party hereby agrees that he will faithfully perform the duties assigned to him by said first party, and work solely in the interest of said The Merchant's Premium Stamp Company, in all matters relating to said employment, and to the best of his ability."

"It is further agreed by the parties hereto, that said party of the first part shall increase the salary of said party of the second part, whenever, in the opinion of said first party, the work of said second party merits such increase, or when the increase of business of said company, due to the labor and efforts of said second party, merits the same."

"It is further agreed by and between the parties hereto, that said party of the first part, shall deduct from the salary and expenses of said second party, such proportion thereof, as corresponds to the time lost, by said party of the second part, without the fault of said party of the first part."

"It is further agreed by the parties hereto, that said party of the first part has the right and privilege to terminate the employment of said party of the second part at any time, if said party of the first part, ceases to do business, or if said business does not justify the further employment of said second party."

"It is further agreed by and between the parties hereto, that said Robert D. Jennings, party of the second part shall not engage in, or work for, any other premium stamp company, or any discount, coupon, or premium stamp concern, in any one of the cities, counties or states named as follows: Ohio, Indiana and Kentucky; and where said party

of the first part is now or hereafter shall be engaged in business, for the period of eighteen months after the employment of said party of the second, part, by said party of the first part shall, for any reason whatsoever, cease.''

''In witness whereof, the said parties hereto, have signed their names, at Columbus, Ohio, this ———— day of June, 1903.

     ''ROBT. B. JENNINGS.
     ''MERCHANT'S PREMIUM STAMP CO.,
      ''Per G. A. BETHEL, Manager.

''Signed.in presence of
 ''BESS JINKS.''

October 30, 1903, Bethel filed a petition in the common pleas court of Franklin county, alleging that pursuant to the above agreement Jennings entered his employment on June 9 and continued until October 8, 1903, ''when said employment ceased;'' that ''during said employment defendant, Jennings, was instructed in all matters concerning plaintiff's said business, and became acquainted with most of plaintiff's merchants.'' Then follow allegations that Jennings has threatened to injure plaintiff's business, and has in violation of his agreement engaged in the premium stamp business in Columbus, etc.

Upon this petition Bethel obtained a temporary restraining order restraining Jennings ''from performing any act or acts to injure plaintiff's business, and from engaging in, or working for, any premium stamp company or any discount, coupon or premium stamp concern, within the state of Ohio, until the further order of this court.'' Defendant demurred to the petition, but same was overruled.

A motion to dissolve said restraining order was then filed in behalf of Jennings, heard upon affidavits and a deposition of plaintiff, and overruled.

A motion for a new trial was also overruled, and the case came to this court upon a petition in error to reverse the said judgment of the common pleas court.

In our opinion the contract above quoted, is so harsh, and unconscionable that it ought not to be enforced by a court of equity, in behalf of Bethel.·

It undertakes to bind Jennings for two years, but does not bind Bethel for more than a week. The discretion as to the termination of the arrangement is wholly with Bethel who may discharge Jennings without good cause (as is claimed in this case) and the latter not only has no redress, but is prohibited for eighteen months thereafter from

Jennings v. Bethel.

engaging in a similar business—no matter whether Bethel continues in that business or not. *Paragon Oil Co.* v. *Familton,* 5 Dec. 219 (5 N. P. 23).

The petition does not allege any incompetence or unfaithfulness on the part of Jennings, nor any cessation of, or decrease in, the business, such as would render the further employment of Jennings unnecessary or unprofitable; nor any reason whatever for his discharge.

We think, therefore, that the court erred in overruling the demurrer to the petition, in overruling the motion to dissolve the restraining order, and in overruling the motion for a new trial.

The judgment of the common pleas court will therefore be reversed, and the restraining order dissolved.

**Wilson** and **Sullivan, JJ.,** concur.